*E. W. Eastman* and *Samuel A. Rice*, for appellant.

―――――o-●-o―――――

## HUMPHREYS *v.* HOYT, *et al.*

A motion for a new trial is addressed to the sound discretion of the court, and should be refused unless a strong meritorious case is shown.

Where, by consent, a jury is waived and the facts are submitted to the finding of the court, on a motion for a new trial, the case is to be considered the same as if tried by a jury.

Where, by the Code, a party is required to answer under oath, such answer is to be considered evidence in the case, of equal weight with that of a disinterested witness.

A new trial will be granted when it appears that the merits of the case have not been justly tried and that injustice has been done.

*Opinion by* WILLIAMS, C. J. James A. Humphreys instituted his action, on a promissory note, against Azor Hoyt, Robert Holmes and Henry Ristine, for the sum of one hundred and eight dollars and fifty-six cents, dated the 13th day of December, 1852, payable six months after date. He filed his petition in accordance with the statute; and the cause was tried at the October term, 1853, of the Linn county district court.

The defendants, Holmes & Ristine were sued, with notice. They appeared and filed their answer, denying indebtedness to the full amount, as claimed by plaintiff in his petition. They then proceed, by their answer, to aver that the note specified in plaintiff's petition, was given to him by Azor Hoyt, as principal, and them as his sureties; and that they were entitled to a credit thereon for about the sum

of twenty-one dollars; and also, that they believed that sometime in the month of June, then last past, said Hoyt had paid to the plaintiff, on account of said note, the further sum of forty dollars, for which they claimed credit. They then called upon the plaintiff to answer as to these allegations of payment, as set forth by them, under oath, as provided by the Code of this state. The facts of payment, as set forth in the answer of the defendants, Holmes & Ristine, are stated as matters of which they were informed by Hoyt, who, at the time of answering, was not within the jurisdiction of the court.

The replication of James A. Humphreys, under oath, is accordingly filed. By it he denies that the payments, or either of them, were made on the note, as stated in the answer of the defendants. He then proceeds, therein, to state that about the sum of twenty-one dollars and ten cents had been paid to him by Hoyt, which sum had been fully settled for on other accounts; and that the same was not to be credited on said note; that the sum of forty dollars, which had been paid to him by the said Hoyt, was not paid to him to be credited on the note, on which this suit is brought; but that the same was paid by said Hoyt, as the agent of S. A. and H. Hoyt, daughters of said Azor, against whom he, Humphreys, held a note for the sum of thirty-eight dollars and fifty-three cents, and also an account for about nine dollars and ninety cents, with direction from Hoyt that the same should be applied on the note and account of his daughters, having been furnished by them for that purpose; and also that Hoyt had never directed him to apply the said sum of forty dollars as a credit on the note here sued. He also states that the forty dollars were applied by him in payment of the note and account of S. A. and H. Hoyt, as directed; and that said Hoyt never paid to him any other money whatsoever.

This is the state of the pleadings, as presented by the record up to the time of trial. The bill of exceptions,

Humphreys *v.* Hoyt.

taken on the trial, shows that the plaintiff, after producing the note in evidence to the judge, to whom the cause was submitted, by consent of the parties, without the intervention of a jury, rested his case. The defendants, to, sustain the issue on their part, introduced A. J. Humphreys, who testified, " that about the 16th of June, then last past, he was present at the time the said Azor Hoyt passed the forty dollars to plaintiff; that no other person was present but the plaintiff, said Hoyt and witness; that plaintiff then held a note of $38 50, and also an account against S. A. and H. Hoyt, daughters of said Azor Hoyt; that Hoyt said to plaintiff, when he paid the sum of forty dollars that the same belonged to the girls, S. A. and H. Hoyt; that it was all the money they could raise at that time, and that he paid it as agent for them; that plaintiff was to give the girls credit for the $40 00; that there were no directions given by said Hoyt, at the time the money was paid, to credit the amount, or apply it on the note sued in this case; but upon paying the money he asked the plaintiff to sign a receipt; cannot say what the paper was; plaintiff refused to sign the paper; Hoyt, upon finding that the plaintiff had credited it, as he did, became angry, and the parties separated." The bill of exceptions then concludes as follows: "There was no evidence to prove that after the parties had separated, or any time, Hoyt told the plaintiff to credit the $40 00 dollars on the note in question. There was circumstantial evidence tending to show that some time after the payment of said sum, and the giving of the credit for the same to the account of the girls, Hoyt wanted to have the said payment apply as a credit on the note in controversy; but no evidence tending to prove that he ever consented to make such change, or credit said $40 00 on the note in question. The bill certifies the foregoing to be the substance of all the evidence in the case. The court thereupon gave judgment, applying the $40 00 as a credit on the note in question in this suit, and deducted the amount thereof from plaintiff's claim."

Plaintiff's counsel then moved for a new trial, on the ground that "the judgment was against the evidence and law of the case."

The motion was overruled, and judgment accordingly entered.

The question presented here on this appeal, is as to the overruling of the motion for a new trial. This necessarily involves the judgment of the case by the district court, upon which that motion was made. All the evidence of the case is certified to this court in due form, and we will proceed to consider it.

The counsel for the appellees has urged upon this court that "a motion for a new trial is addressed to the sound discretion of the court, and should be refused, unless a strong meritorious case is shown. To sustain this position he cites the decisions of this court. The cases of *Powers* v. *Bridges*, 1 G. Greene, 244, and *Millard* v. *Singer*, 2 G. Greene, 144, certainly do sustain this position, as also do the numerous authorities cited in those cases. He also adduces decisions by the courts of Tenessee and Illinois. Decisions to the same effect might have been read from all the states of this union. Such is the doctrine of the books. Does this case come within the rule of these decisions? We think it does. We will examine it and see how the rule applies.

We will consider the case as we would, had it been tried by a jury, having been submitted to the court for trial, in accordance with the provisions of the Code, which are as follows: "Issues of fact shall be tried by the court, unless one of the parties require a jury," § 1772. Section 1823, of the Code, also, provides that "the provisions in this title relative to juries, are intended to be applied to the court, when acting as a jury in the trial of a cause, so far as they are applicable, and not incompatible with other provisions herein contained." The case is to be considered as if a jury had tried it. *Gilmore* v. *Ballard*, 1 Scam., 252; *Stringer* v. *Smith*, 1 Scam., 295.

What, then, are the law and evidence of the case, as presented by the record. The only matter of controversy here, is the $40 00, which the defendants seek, by their plea, to claim as a credit on the note sued. By their plea they—availing themselves of the provisions of the Code, for the purpose of proving this credit on the note—call on the plaintiff to reply, under oath, to their plea. Here is the language of the Code:

"The plaintiff, in his petition, may, at his option, require the answer of the defendant to be given under oath. And in like manner, the party filing any subsequent pleading, setting forth new matter, may require the reply thereto to be given under oath." See Code of Iowa, § 1744.

"Sec. 1745. Any pleading, thus required to be made under oath, shall be considered as evidence in the cause, of equal weight with that of a disinterested witness, provided it be sworn to by the party himself, who was called on to answer, but not otherwise."

The replication of plaintiff, to the plea of the defendants, is then the evidence of a disinterested witness on the subject matter in dispute, made so by the voluntary act of the defendants, by virtue of the Code. He stands as their witness in the case, unimpeachable on the score of interest. The evidence of the replication was clear and conclusive as to the fact that when Hoyt paid the $40 00 to plaintiff, he said it was to be applied to the account of his daughters, as a credit; that it was their money; and that he paid it as their agent; and also that there had been no payment made by Hoyt on the note upon which the suit was brought.

In addition to this, there is nothing of record, on part of the defendants as pleading, which denies, or in any manner puts the facts of the replication of the plaintiff in issue; so that, taken as an ordinary pleading, it should have been answered; or otherwise it is to be taken as admitted and true. Code of Iowa, § 1742.

17*

The testimony of A. J. Humphreys, who was called by defendants, proves that the $40 00 were applied as a credit, on the account of S. A. and H. Hoyt, in compliance with the request of Azor Hoyt, who informed Humphreys, the plaintiff, at the time, that he acted, in the matter, as the agent of the girls ; and that the money was theirs. It is true that Humphreys was asked by Hoyt to sign a receipt, which he had drawn up, and Humphreys refused to do so ; that Hoyt left him and seemed angry. This witness also states that, at that time, Hoyt did not ask Humphreys to apply the $40 00 as a payment on the note, upon which this suit is brought. This is the only witness in the case, and these are the facts of the testimony as certified.

It was incumbent upon the defendants to make their plea of payment good by evidence of its truth. We think they have not only failed to do this, but, that the testimony given by themselves, clearly establishes the fact that the $40 00 were applied to the payment of the indebtedness of S. A. and H. Hoyt, at the request of Azor Hoyt, as their agent, and with the understanding that the money belonged to the girls. What the peculiar character of the receipt was, which Hoyt wanted the plaintiff to sign, does not appear, nor does it particularly appear what was the cause of Hoyt's anger when they separated. The fact that Hoyt afterward may have wished to change the application of the money, cannot alter the matter, as Humphreys never consented to do so.

It seems to us that the evidence, most conclusively, defeats the defense set up by defendants' plea.

The principle that where a person is indebted to the same creditor on several and different accounts, he may elect as to the application of a payment, cannot apply in this case, for two reasons. The first of which is, that the evidence is that the money paid was not his own, but belonged to the girls, for whom he acted as agent in the matter ; and the second that he had no other indebt-

Humphreys *v.* Hoyt.

edness on his own account but the note here in suit. He could not properly apply their money to payment of his own indebtedness.

We have considered this case with much care, in view of the principle heretofore recognized, on the subject of new trials. Whilst we would not interfere with the ruling of the district court in a case admitting of some reasonable doubt as to the proper exercise of that discretion, which is recognized by law; still, in a case like this, where the pleadings and the evidence are fully brought before us, clearly establishing, as we think, beyond doubt, that the ruling of the court is erroneous, we feel it to be our duty to exercise that power which vests in us, by reversing the proceeding. We think the plaintiff has brought himself within the rule, by showing "a strong meritorious case."

A new trial will be granted where there are strong proble grounds to believe that the merits of the case have not been fully and fairly tried, and that injustice has been done. *Wheeler* v. *Shields*, 2 Scam., 348; *Cunningham* v. *Magoun*, 18 Pickering, 13; *Polk* v. *The State*, 4 Miss., 544; *Jones* v. *Jones*, 4 Blackf., 140; *Bybee* v. *Kinnette*, 6 Missouri R., 53; *Weatherford* v. *Wilson*, 2 Scam, 253; *McKee* v. *Ingalls*, 4 Scam., 30.

The rulings of the district court are reversed and a new trial is awarded.

Judgment reversed.

*I. M. Preston,* for appellant.

*Isaac Cook,* for appellees.